IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br>As subrogee of MARY K. BLONN,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | RECEIVED: AUGUST 21, 2008<br>08CV4759<br>JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE DENLOW<br>AEE<br>Case No. |

## COMPLAINT

NOW COMES Plaintiff ALLSTATE INSURANCE COMPANY (hereinafter AAllstate@), as subrogee of Mary K. Blonn (hereinafter ABlonn@), by and through its respective attorney, LYNN K. WEAVER of GROTEFELD & HOFFMANN, L.L.P., and as its Complaint against Defendant HOME DEPOT, INC. (hereinafter "Home Depot@), states as follows:

## JURISDICTIONAL STATEMENT

Jurisdiction is founded upon diversity of citizenship of the parties. The amount in controversy exceeds $75,000.00. Allstate is an Illinois corporation duly authorized to do business in Illinois and other various states, with its principal place of business in Northbrook, Illinois. Based upon information and belief, Defendant Home Depot is a Georgia corporation duly authorized to do business in Illinois and other various states, with its principal place of business in Atlanta, Georgia. Subject matter jurisdiction exists in the Northern District of Illinois pursuant to 28 U.S.C. '1332. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. '115 and 28 U.S.C. '1391. The cabinetry installation at issue in this action was contracted for and performed within the state of Illinois, and the fire loss giving rise to this action occurred within the state of Illinois.

## GENERAL ALLEGATIONS

1. At all relevant times, Plaintiff Allstate insured the Blonn home, located at 452 Seneca Lane in Bolingbrook, Illinois (hereinafter, "the Blonn residence"), and contents therein pursuant to a policy of insurance issued to Blonn.

2. Pursuant to said policy, Blonn made a claim seeking indemnification and reimbursement for damages resulting from a fire that took place on June 5, 2006 at the Blonn residence.

3. As a result of this loss, Allstate paid Blonn a sum in excess of $101,659.71.

4. In consideration of payment by Allstate to Blonn, the insured subrogated to Allstate all rights, claims, and interest that she may have for reimbursed amounts against any person or entity that may be liable for causing said damage.

## FACTUAL ALLEGATIONS

5. Blonn contracted for the purchase and installation of wooden cabinetry from the Home Depot Store Number 1905, located at 2101 West 75th Street in Darien, Illinois, for the customary, normal, and foreseeable use in the kitchen of the Blonn residence.

6. Upon information and belief, the kitchen cabinets were purchased and installation was contracted for on December 4, 2006. Actual installation of the cabinetry in the home's kitchen also took place in December of 2006.

7. The point of origin for the subject fire was the east wall of the kitchen, on which one of the kitchen cabinets and a ventilation hood were attached by screws into the wall.

8. Investigators determined that a screw used to hang the kitchen cabinets had been driven through the Romex conductors in the wiring along the east wall.

9. Upon information and belief, the fire at the Blonn residence was caused by electrical arcing within the east wall of the kitchen, which ignited the combustible wood of the cabinets.

10. Upon information and belief, said arcing occurred due to contact between electrical wiring and a screw installed by Defendant Home Depot.

## COUNT I
## NEGLIGENCE – DEFENDANT HOME DEPOT

11. Allstate, as subrogee of Blonn, hereby reincorporates by reference the allegations of paragraphs 1-10 as if fully set forth in Count I.

12. At all relevant times, Home Depot owed a duty to exercise reasonable care in the installation and inspection of its cabinetry installation commensurate with other companies in its field and to eliminate foreseeable risks of damage so as to protect the real and personal property of its customers.

13. Home Depot, by its agents and employees, breached its duty by one or more of the following acts or omissions:

    a. Failure to properly install kitchen cabinetry to prevent contact with electrical wiring;

    b. Failure to properly inspect the installation of kitchen cabinetry to ensure safety;

    c. Failure to properly supervise its employees engaged in the installation of kitchen cabinetry to prevent contact with electrical wiring;

    d. Failure to warn of the unsafe conditions presented by the improper installation of kitchen cabinetry;

    e. Was otherwise negligent.

14. As a direct and proximate cause of Home Depot's breach of duty, Allstate suffered damages, including but not limited to the costs of repair, reconstruction, contents replacement, and associated living expenses in excess of $101,659.71.

WHEREFORE, ALLSTATE INSURANCE COMPANY, as subrogee of Mary K. Blonn, requests that judgment be entered in its favor and against Home Depot in the amount of $101,659.71, plus costs and any further relief as this Court deems equitable and just.

Respectfully submitted,

ALLSTATE INSURANCE COMPANY,

By: __/s/ Lynn K. Weaver_____
      One of Its Attorneys

Lynn K. Weaver
GROTEFELD & HOFFMANN, LLP
180 North LaSalle Street, Suite 1810
Chicago, Illinois 60601
312-551-0200